**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN WILSON, and ) | |
| ERICKA BLAKEMORE, ) | |
|     Plaintiffs, ) | |
|         v. ) | Jury Demand |
| ) | |
| THE BOARD OF EDUCATION OF ) | |
| THE CITY OF CHICAGO, ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT

Plaintiffs, Brian Wilson ("Wilson") and Ericka Blakemore ("Blakemore"), collectively "Plaintiffs," by and through their undersigned counsel, and for a cause of action against Defendant, Board of Education of the City of Chicago ("Board" or "Defendant") alleges as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs' lawsuit arises under 42 U.S.C. § 1981 in connection with violations of their rights to make and enforce contracts and to enjoy the full and equal benefit of the law, free from racial discrimination. Plaintiffs allege the following: unlawful discrimination under 42 U.S.C. § 1981, promissory estoppel, violation of due process, and tortious interference with prospective economic advantage.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because the action arises *inter alia* under the laws of the United States, specifically 42 U.S.C. § 1981.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred in this District, and Defendant maintains its principal offices in this District.

### PARTIES

4. Plaintiffs are African Americans, who at all times relevant to the allegations of this Complaint were residents of the State of Illinois and provided business consulting services to schools within the Chicago Public Schools ("CPS") system.

5. Defendant is a municipal corporation overseeing the CPS, which at all times relevant to the allegations of this Complaint contracted Plaintiffs to provide financial consulting services to schools within the CPS.

## FACTUAL ALLEGATIONS

6. Plaintiffs provided business consulting services to CPS schools for over a decade, earning recognition for their commitment and diligence from the principals of the schools they served.

7. On June 28, 2024, Plaintiffs received an email from CPS notifying them of a new requirement to join a "vendor pool" in order to continue their contractual relationships with CPS.

8. The memorandum attached to the email stated that Plaintiffs' vendor numbers would be deactivated as of June 30, 2024, giving Plaintiffs only two days' notice before the conclusion of the fiscal year.

9. The email containing the memorandum referenced "the Procurement Policies around the use of vendors for Financial Services"; however, the memorandum did not reference any exact policy.

10. Only after Wilson inquired into the exact policy, was he informed by Karen Waters Pearson that the referenced policy was Board Rule 7-11 Strategic Sourcing.

11. Moreover, the email was sent out on Friday, June 28, 2024, at 1:03 PM, thus giving barely any time for Plaintiffs to act on it and follow up on such an important change.

12. Prior to this email, CPS had not informed Plaintiffs of the new vendor pool requirement or provided them with adequate notice or instructions for compliance.

13. Plaintiffs were thereby unable to prepare the necessary documentation to participate in the vendor pool and were effectively barred from continuing their contractual relationships with CPS.

14. Furthermore, Plaintiffs have reason to believe that the vendor pool was already closed at the time they were notified of this new policy, rendering compliance impossible.

15. Defendant's actions, including but not limited to the abruptly implemented policy change, prevented Plaintiffs from maintaining economic relationships with CPS schools.

16. Plaintiffs allege that CPS's actions were racially motivated and that the abrupt and discriminatory application of the new procurement policies specifically targeted African Americans, including Plaintiffs due to their race.

17. Similarly situated vendors, who were not African American, did not have their vendor numbers deactivated.

18. Plaintiffs provided their services to CPS schools for over a decade and established relationships with school principals built on trust, professionalism and knowledge, thus continued to provide their services.

19. Plaintiffs reasonably relied on their longstanding relationship with CPS schools to their detriment.

## COUNT I

### Racial Discrimination In Violation of 42 U.S.C. § 1981

20. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

21. 42 U.S.C. § 1981 provides that all persons within the jurisdiction of the United States shall have the same right to make and enforce contracts as if enjoyed by white citizens.

22. Plaintiffs had valid contractual relationships with CPS that CPS intentionally and unlawfully disrupted through racially discriminatory policies.

23. CPS implemented and enforced its new procurement policies in a manner that disproportionately and unjustly impacted Plaintiffs because of their race.

24. CPS's actions were undertaken with discriminatory intent and resulted in Plaintiffs' exclusion from the vendor pool and the termination of their existing contractual relationships.

25. As a direct and proximate result of CPS's discriminatory conduct, Plaintiffs have suffered substantial economic harm, damage to their reputations, and emotional distress.

## COUNT II

### Promissory Estoppel

26. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

27. Defendant, through the school principals, made clear and unambiguous promises that Plaintiffs would continue providing services to CPS schools under their existing arrangements.

28. In or around May 2024, monies were allocated in school budgets to ascertain sufficient funds for Plaintiff starting July 1, 2024.

29. Plaintiffs reasonably and detrimentally relied on Defendant's promises and continued to invest resources in their business relationships with CPS schools.

30. Defendant's abrupt policy change breached these promises and caused Plaintiffs to suffer substantial economic and reputational harm.

31. As a result of Defendant's violations of law, Plaintiffs are entitled to damages for their reliance and resulting losses.

## COUNT III

### Violation of Due Process

32. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

33. Defendant's actions violated Plaintiffs' rights to procedural due process under the Fourteenth Amendment by failing to provide adequate notice or opportunity to comply with the new policy.

34. Plaintiffs had a protected property interest in their business relationships with CPS, which Defendant unlawfully deprived them of without due process of law.

35. The change in policy and its announcement on a Friday afternoon, less than two days before the changes would affect Plaintiffs, should be considered the Board's own violation as the policy and the time of its announcement is attributable to the board as a municipal organization.

36. Defendant's conduct directly caused Plaintiffs substantial harm, for which they seek compensatory damages.

## COUNT IV

### Tortious Interference with Prospective Economic Advantage

37. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

38. Plaintiffs had a reasonable expectation of continuing business relationships with CPS schools based on their longstanding service and established reputation.

39. Defendant knowingly and intentionally interfered with Plaintiffs' prospective economic advantage by implementing changes to procurement policies that targeted and excluded African American vendors, including Plaintiffs.

40. Defendant's actions were improper, malicious, and directly caused Plaintiffs' loss of future economic opportunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Enter judgment in favor of Plaintiffs and against Defendant;

B. Award Plaintiffs compensatory damages in the amount of $400,000.00 for each Plaintiff for the lost earnings;

C. Award Plaintiffs compensatory damages in the amount of $200,000.00 for each Plaintiff for the emotional distress, pain, and suffering;

D. Award Plaintiffs reasonable attorney's fees and costs;

E. Injunctive relief requiring Defendant to reinstate Plaintiffs' vendor status and ensure non-discriminatory practices in its procurement policies;

F. Grant such other and further relief as this Court deems just and proper.

Date: December 27, 2024                                         Respectfully submitted,

By:     /s/ Brad E. Karlin
An Attorney for Plaintiffs

Brad Evan Karlin #6307899
Karlin Legal LLC
2501 West Lawrence Ave., Suite H
Chicago, Illinois 60625
(312) 870-0043
bk.karlinlegal@gmail.com

Joshua N. Karmel, #6340084
The Karmel Law Firm
20 South Clark Street, Suite 1720
Chicago, Illinois 60603
(312) 641-2910
josh@karmellawfirm.com